### FRIELINK *v.* FRIELINK.

1. DIVORCE—PETTY GAMBLING NOT CAUSE FOR DIVORCE.
   Husband's petty gambling, which is not of recent origin and which does not seriously affect family's pecuniary resources, although it may be reprehensible, is not in and of itself cause for divorce.

2. SAME—TAKING SON FISHING ON SUNDAY.
   It is not extreme cruelty for father to go fishing and take his 13-year old son along, even on Sundays and school days.

3. SAME—EXTREME CRUELTY—DISMISSAL.
   Decree dismissing wife's suit for divorce on ground of extreme cruelty is affirmed, on appeal.

Appeal from Kent; Dunham (Major L.), J. Submitted October 22, 1931. (Docket No. 186, Calendar No. 35,851.) Decided January 4, 1932.

Bill by Myrtle Frielink against Henry Frielink for divorce. Bill dismissed. Plaintiff appeals. Affirmed.

*Peter J. Danhof,* for plaintiff.

*John J. Smolenski,* for defendant.

WIEST, J. This is an appeal by plaintiff from a decree dismissing her bill for divorce.

There was at first a hearing, apparently without contest, but the terms of an announced decree evidently were not satisfactory to plaintiff, and a rehearing, with contest, resulted in denial of a divorce.

After 29 years of married life and the rearing of a daughter, now 23 years of age, and a son of 13, plaintiff applied for a divorce on the grounds of

nonsupport and extreme cruelty. Defendant is a tailor, with shop at his home, and there carries a small stock of men's furnishings. He is handicapped by deafness and his earnings have been small. Plaintiff is now, and for five years has been employed in the office of the treasurer of the city of Grand Rapids. The evidence fails to show nonsupport. The extreme cruelty alleged consisted of acts of personal violence, use of vile and profane epithets, petty gambling, and taking the boy fishing on Sundays and school days.

Acts of personal violence, intoxication, and use of abusive epithets were denied by defendant, and the circuit judge, with view of the parties and witnesses, was not impressed sufficiently to make a finding for divorce on those charges.

Defendant's petty gambling for checks calling for nickels and dimes, redeemable in cash or merchandise, was not a late departure, and does not appear to have straitened the pecuniary resources of the family. It may, because of law on the subject, be considered reprehensible, but is not in and of itself a cause for divorce.

Financial independence of plaintiff has evidently led her to feel superior to her husband, for she testified that for a number of years she looked upon him as "an inferior part of the family," and has lost all love and regard for him. Just before filing the bill she took much of the furniture from the home, and, with the daughter and son, established a new home. When the father prepared some clothing for the boy, and sent word to such effect, she would not permit the boy to go into the shop, but made the father bring the clothing to an automobile where she was waiting with the boy. It is apparent that if she had the say the father would not see his boy at all.

It is not extreme cruelty for a father to go fishing and take his 13-year old son along. The true lover of the "gentle art," immortalized by old Izaak Walton, may not be discreet in selecting the time for going, and may never have heard the adage that, "a day spent in the chase is not lost," and yet find solace even while experiencing "fisherman's luck."

The circuit judge viewed the witnesses, had opportunity to note display of hatred, and could apply a test in considering the testimony not afforded us by mere printed relation.

The decree is affirmed. No costs.

CLARK, C. J., and POTTER, SHARPE, NORTH, FEAD, and BUTZEL, JJ., concurred with WIEST, J. McDONALD, J., concurred in the result.